KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.— April, 1882.

## WOOD *v.* CROOKE.

*In the matter of the probate of the will of* LEDRA WOOD, *deceased.*

An application, under Code Civ. Pro., § 2606, to compel the representative of a deceased co-representative to account and deliver over property, is not terminated by a verified denial that property has come into the possession or is under the control of such representative. The applicant has a right to examine the respondent under section 2735.

Section 2718 of that Code, providing for a dismissal of the petition by the Surrogate, upon the filing of a verified answer, raising a doubt as to the validity of petitioner's claim, refers exclusively to proceedings taken under § 2717, and has no application to those taken under § 2606.

APPLICATION by Adeline V. R. Wood, sole surviving administratrix, etc., of decedent, to compel Robert L. Crooke, executor of her deceased co-administrator, to account, and deliver over property of decedent.

The facts appear sufficiently in the opinion.

ISAAC S. BRYAN, *for petitioner.*

SUTHERLAND & SCOTT, *for executor of deceased administrator.*

THE SURROGATE.—This is an application under section 2606 of the Code, which authorizes the Surrogate, upon application of a surviving administrator, etc., to compel the executor or administrator of a deceased administrator, etc., to account for and deliver over any of the trust property which has come to his possession or is under his control.

The sole acting executor of the deceased administrator of the effects of Ledra Wood has filed a' verified answer to the petition, alleging that none of the property of the said Ledra Wood has come to his possession or is under his control, and he claims that the petition must be dismissed, on said answer, under section 2718. That section refers to proceedings instituted under section 2717 and has no application whatever to proceedings under section 2606. It is true that the executor of the deceased administrator is only called upon to account for the property of the intestate which has come to his possession or is under his control ; but his denial that any of said property has come into his hands or is under his control is not sufficient to put an end to the proceeding. The petitioner still has a right to examine him under section 2735 and to prove, if she can, that there is property of the intestate which he is bound to account for and to deliver over to her.

Let this matter stand adjourned, generally, under the rule.

Ordered accordingly.